UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GREGORIO NAVA VERGARA,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-06638-DAD-CSK

GRANTING RESPONDENTS' MOTION TO DISMISS AND DENYING PETITIONER'S PENDING MOTIONS AS MOOT

(Doc. Nos. 1, 2, 3, 4, 8)

On August 20, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion for temporary restraining order (Doc. No. 2), motion to proceed *in forma pauperis* (Doc. No. 3), and motion to appoint counsel (Doc. No. 4).

Later the same day, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In that same order, the court directed if respondents opposed the court ruling on the underlying petition based on the current briefing before it,

respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On August 24, 2026, respondents filed a motion to dismiss the *habeas* petition. (Doc. No. 8.) Therein, respondents argue that petitioner is subject to a final removal order and presently detained pursuant to 8 U.S.C. § 1231(a)(2). (*Id.* at 2.) Respondents do not object to the court deciding this case on the merits, and the court will do so. Respondents also attach documentation to their motion to dismiss which reflects that petitioner was orally ordered removed on July 1, 2026, and a written removal order was issued on July 14, 2026. (Doc. No. 8-1 at 1–4.) Any appeal of the removal order was due by July 30, 2026. (*Id.* at 4.) Respondents state that neither party has appealed petitioner's removal order and the time to appeal has passed. (Doc. No. 8 at 1.)

In light of the evidence before the court that petitioner is subject to a final removal order, the court incorporates and adopts the reasoning set forth in its prior order *Balza Coronel v. Warden, California City Det. Ctr.*, No. 1:26-cv-04757-DAD-JDP (HC), 2026 WL 1907984 (E.D. Cal. July 2, 2026), in which the court denied the *habeas* petition without prejudice because petitioner's removal order became final when he failed to timely appeal and he became subject to mandatory detention during the 90-day removal period. Accordingly, the court will grant respondents' motion to dismiss and will dismiss petitioner's petition for writ of *habeas corpus* without prejudice to its refiling in the event that the mandatory detention period lapses and petitioner remains in immigration custody past that date.

For the reasons above,

1. Respondents' motion to dismiss (Doc. No. 8) is GRANTED;
2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is DISMISSED without prejudice to its refiling following the lapse of the ninety-day mandatory detention period set by 8 U.S.C. § 1231(a)(2);
3. Petitioner's motion for temporary restraining order (Doc. No. 2) and motion to appoint counsel (Doc. No. 3) are DENIED as having been rendered moot by this order;

4. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is DENIED; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE